Citation Nr: 1546226 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 09-34 945 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
 in Phoenix, Arizona


THE ISSUE

Entitlement to service connection for peripheral neuropathy of the bilateral lower extremities, to include as due to Agent Orange exposure.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Veteran and his wife


ATTORNEY FOR THE BOARD

Y. Venters, Associate Counsel
INTRODUCTION

The Veteran served on active duty from July 1966 to October 1969. He is the recipient of the Combat Medical Badge and Silver Star.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions issued by the RO.

In March 2012 and March 2014, the Board remanded the claim for additional development and adjudicative action. The Board notes that no further action to ensure compliance with the remand is required. Stegall v. West, 11 Vet. App. 268 (1998).

In May 2015, the Veteran testified before the undersigned Veterans Law Judge at a Board hearing. A transcript of the hearing is associated with the claims folder.

Also in May 2015, the Veteran submitted additional evidence along with a waiver of initial consideration of this evidence by the Agency of Original Jurisdiction (AOJ). See 38 C.F.R. § 20.1304.

The Board notes that, in addition to the paper claims file, there is a paperless, electronic (Virtual VA and VBMS) claims file associated with the Veteran's claims.


FINDINGS OF FACT

1. The Veteran served in Vietnam and Agent Orange Exposure is conceded. 

2. The record contains evidence indicating a history of peripheral neuropathy of the bilateral lower extremities existed for 25 years.




CONCLUSION OF LAW

Peripheral neuropathy of the bilateral lower extremities was incurred in service. 38 U.S.C.A. § 1110; 1116 (West 2014); 38 C.F.R. § 3.303 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veterans Claims Assistance Act of 2000 (VCAA) describes VA's duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. § 3.159. Given the fully favorable disposition of the claim on appeal, the Board finds that all notification and development actions needed to fairly adjudicate the claim have been accomplished.

As an initial matter, the Board notes that the Veteran's records show that he is the recipient of the Combat Medical Badge and Silver Star. The Veteran does not claim that his bilateral peripheral neuropathy of the lower extremities was the result of combat with the enemy; he contends that his disability is due to Agent Orange exposure during his service in Vietnam. Therefore, the combat provisions of 38 U.S.C.A. § 1154 are not applicable.

Service connection will be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Where there is a chronic disease shown in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. 38 C.F.R. § 3.303(b). When a condition noted during service is not shown to be chronic, or the fact of chronicity in service is not adequately supported, then a showing of continuity of symptomatology after discharge is required to support the claim. 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F. 3d 1331 (Fed. Cir. 2013).

Service connection may also be granted for a disease first diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

A veteran, who had active service in the Republic of Vietnam during the period beginning on January 9, 1962 and ending on May 7, 1975 (the Vietnam era) will be presumed to have been exposed to an herbicide agent during such service unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service. See 38 U.S.C.A. § 1116(f); 38 C.F.R. § 3.307(a)(6)(iii). 

Pursuant to the authority granted by the Agent Orange Act of 1991, VA may determine that a presumption of service connection based on exposure to herbicides used in Vietnam is warranted for conditions that VA has found to have a statistically significant association with such exposure. As such, VA has determined that a statistically significant association exists between exposure to herbicides and subsequent development of the following conditions: chloracne or other acneform disease consistent with chloracne, non-Hodgkin's lymphoma, soft tissue sarcoma, Hodgkin's disease, porphyria cutanea tarda (PCT), multiple myeloma, early onset peripheral neuropathy, prostate cancer, cancers of the lung, bronchus, larynx, trachea, type II (adult-onset) DMII, chronic lymphocytic leukemia, AL amyloidosis, Parkinson's disease, ischemic heart disease, and B-cell leukemias, such as hairy cell leukemia. See 38 C.F.R. § 3.309(e).

The diseases listed at 38 C.F.R. § 3.309(e) shall have become manifest to a degree of 10 percent or more at any time after service, except that chloracne or other acneform disease consistent with chloracne, porphyria cutanea tarda, and acute and subacute peripheral neuropathy shall have become manifest to a degree of 10 percent or more within a year after the last date on which the veteran was exposed to an herbicide agent during active military, naval, or air service. 38 C.F.R. § 3.307(a)(6)(ii).
The availability of presumptive service connection for a disability based on exposure to herbicides does not preclude a Veteran from establishing service connection with proof of direct causation. Stefl v. Nicholson, 21 Vet. App. 120 (2007); see also Combee v. Brown, 34 F. 3d 1039 (Fed. Cir. 1994).

VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the claimant prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107.

Here, regarding the presumptive regulations of 38 C.F.R. § 3.309(e) pertaining to diseases associated with exposure to certain herbicide agents, the Board concedes that the Veteran performed service in the Republic of Vietnam and is thus presumed to have been exposed to Agent Orange. 38 U.S.C.A. § 1116; 38 C.F.R. § 3.307(a)(6)(iii). 

Service treatment records are negative for complaints, treatment, or diagnosis of peripheral neuropathy. His October 1969 separation examination report shows a normal clinical evaluation of his lower extremities. 

On VA examination in April 2012, the examiner diagnosed peripheral neuropathy. The examiner noted that the Veteran's peripheral neuropathy did not start within one year of exposure. In reviewing the record, the Board finds that peripheral neuropathy appears to have been first diagnosed by the April 2012 VA examiner. Thus, as the disability is not shown to have become manifest to a degree of 10 percent or more within a year after the last date on which the veteran was exposed to an herbicide agent during active service, presumptive regulations related to exposure to herbicide agents for peripheral neuropathy are not applicable. 38 C.F.R. § 3.307(a)(6)(ii); 38 C.F.R. § 3.309(e).

The above notwithstanding, as noted, the Veteran can still establish service connection for peripheral neuropathy with proof of direct causation. Stefl v. Nicholson, 21 Vet. App. 120 (2007); see also Combee v. Brown, 34 F. 3d 1039 (Fed. Cir. 1994). 
In this regard, medical records show that the Veteran complained of numbness in his feet since the late 1970's. Additionally, VA medical records dated between 2012 and 2014 show history of peripheral neuropathy of bilateral lower extremities for 25 years.

During his March 2011 and May 2015 hearings, the Veteran stated his belief that he developed peripheral neuropathy as a result of exposure to herbicides in Vietnam. He testified that in addition to serving as a combat medic, he pursued a career in nursing following service. He stated that he was a Licensed Practical Nurse (LPN) and a medical professional for over 35 years. He acknowledged that his peripheral neuropathy did not develop until many years after service, but stated he was in contact with 15 to 20 other veterans who developed peripheral neuropathy many years after service in the same region of Vietnam, during a similar period of time. Based on his medical training and his contact with other veterans with the same symptoms, the Veteran felt that there was sufficient evidence that his peripheral neuropathy developed as a result of his service. 

In light of the positive medical opinion from the Veteran and the lack of any medical evidence to the contrary, the Board concludes that the weight of evidence supports the criteria for service connection for peripheral neuropathy of the bilateral lower extremities. 38 C.F.R. § 3.303; Stefl v. Nicholson, 21 Vet. App. 120 (2007); see also Combee v. Brown, 34 F. 3d 1039 (Fed. Cir. 1994). The Board notes that a substantial amount of weight was given to the Veteran's statements due to him being employed as a medical professional for many years and the Board finding him to be competent and credible. Also, the Board notes that the the April 2012 VA examination did not provide an opinion regarding direct service connection. Thus, the VA opinion has no probative value. Accordingly, the claim is granted.







ORDER

Service connection for peripheral neuropathy of the bilateral lower extremities is granted. 




____________________________________________
CHERYL L. MASON
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs